UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09CV220-J

SHIRLEY HOUSTON                                                    PLAINTIFF

v.

MICHAEL J. ATRUE,
Commissioner of Social Security                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Shirley Houston seeks Disability Insurance Benefits which were denied by the Commissioner. This matter was referred to United States Magistrate Judge W. David King who recommends that the matter be remanded to the Commissioner for a new decision that contains an RFC finding that is supported by at least one medical opinion that takes into account the opinions of the treating sources and the treatment record as a whole, and which identifies good reasons for the weight given to the treating source medical opinions. The Commissioner has timely filed objections to the Magistrate Judge's Report arguing that the ALJ adequately weighed the medical evidence of record and the ALJ's decision to decline to give controlling weight to the disabling opinions of Dr. Richardson was supported by substantial evidence.

Plaintiff Houston suffers from a unique medical condition known as reflex sympathetic dystrophy syndrome (RSDS). As noted by the Magistrate Judge, the Social Security Administration has devoted an entire Social Security Ruling – SSR 03-2p – to discussing how these unique cases are to be evaluated. The ALJ's Decision does not reference this Social Security Ruling, nor does it acknowledge the premise that in RSDS cases, the opinions of a treating source are of great

significance. In this case, treating pain specialist Dr. Gay Richardson provided a standard physical assessment form containing findings that, if accepted, would require a finding of disability.

In determining that the claimant retains the residual functional capacity for some light work, the ALJ rejected Dr. Richardson's disabling opinions, noting that Dr. Richardson's findings are unsupported by the evidence of record, and that they are inconsistent with physical therapy notes indicating solid improvement. In so rejecting Dr. Richardson's opinion, the ALJ indicates that he relied heavily upon the opinions of the non-examining State Agency program physicians in determining the claimant's physical residual functional capacity. Notably, those state agency physicians rendered opinions before the claimant began treatment with Dr. Richardson, and thus their opinions were rendered without the benefit of Dr. Richardson's functional capacity assessment opinions.

The Commissioner argues that the ALJ's Decision is supported by ample evidence of record, and that the Commissioner is the ultimate arbiter of a claimant's residual functional capacity, not a doctor. The plaintiff argues that she received less-than-optimal consideration by this particular ALJ, noting that very soon after the hearing in this case he was transferred to Michigan and – based upon the contents of the Decision – it is likely that he did not receive/review the most current treatment records of Dr. Richardson.

This Court routinely reviews cases in which the Commissioner "picks and chooses" from various medical records and opinions in determining a claimant's RFC. In fact, while this practice is not allowed in other forums such as in the Kentucky Workers' Compensation scheme, it is allowed under the current Social Security regulations. Nonetheless, the Court is mindful that in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician

is entitled to great deference, even if that opinion does not qualify for controlling weight, <u>Rogers v. Commissioner of Social Security</u>, 486 F.3d 234, 242 (6th Cir. 2007). In this case, the ALJ discounted the disabling opinion of Dr. Richardson, failing to note any application whatsoever of SSR 03-02p, and instead relied upon the opinion of non-examining state agency physicians in denying the claim. These state agency opinions were rendered in October of 2005, several months before claimant's treatment with pain specialist Dr. Richardson began.

The Commissioner takes issue with the applicability of <u>Blakley v. Commissioner</u>, 581 F.3d 399, 409 (6th Cir. 2009) to this case. <u>Blakley</u>, coupled with SSR 03-02p, serve as reminders that the treating physician's opinion still requires adequate consideration, and reliance upon state agency physician opinions which do not take into account that treating physician's opinion calls into question whether the Decision is supported by "substantial evidence."

In the present case, it is not clear that the ALJ himself reviewed the complete case record. The Decision makes no reference to the latter treatment records of Dr. Richardson. More disturbing is the ALJ's apparent comfort level in rejecting the opinions of a pain management physician by relying only upon his own notions of what constitutes credible medical evidence to support those findings. Furthermore, the limitations for which the ALJ finds "no logical connection to a right upper extremity impairment" are exactly the kinds of medical conclusions that an ALJ is not qualified to make as a lay person.

For the foregoing reasons, the Magistrate Judge's Report is hereby ADOPTED, and its findings and conclusions are incorporated by reference herein. Accordingly, IT IS ORDERED that this case is REMANDED to the Commissioner of Social Security for a new decision that contains an RFC finding that is supported by at least one medical opinion that takes into account the opinions

3

of the treating sources and the treatment record as a whole, and which identifies good reasons for the weight given to the treating source medical opinions.